**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark Stuart HOCKINGS,**
**Defendant–Appellant.**

No. 97–50018.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1997.

Decided Nov. 21, 1997.

Richard D. Burda, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellant.

David C. Scheper, and Benjamin Jones, Jr., Assistant United States Attorneys, Los Angeles, California, for plaintiff-appellee.

Before: CANBY and THOMPSON, Circuit Judges, and MOLLOY,* District Judge.

MOLLOY, District Judge:

## I.  Overview

Mark Stuart Hockings ("Hockings") was charged with one count of possessing eight computer files containing visual depictions of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of transporting sixteen visual depictions of child pornography in interstate commerce, in violation of 18 U.S.C. § 2252(a)(1).  After a bench trial he was found guilty on both counts.

On appeal, he claims the computer GIF files from which pornographic images could be retrieved are not "visual depictions" as defined in the charging statute.  Additionally, he argues the charging statute did not provide him with fair warning of the proscribed conduct.  We disagree.

The construction or interpretation of a statute is reviewed de novo.  *United States v. DeLaCorte*, 113 F.3d 154, 155 (9th Cir.1997).  Whether a statute is void for vagueness is also reviewed de novo.  *United States v. Woodley*, 9 F.3d 774, 778 (9th Cir. 1993).

## II.  Discussion

### A.

Subsections 2252(a)(1) and (4)(B) criminalize the knowing transportation in in-

---

* Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

terstate commerce, "by any means including by computer or mails," of "visual depictions" involving minors engaged in sexually explicit conduct, 18 U.S.C. § 2252(a)(1) (emphasis added). It is also illegal to be in the knowing possession of three or more "matter[s] which contain any [such] visual depiction," 18 U.S.C. § 2252(a)(4)(B). When the offense happened, the applicable statute stated that " 'visual depiction' includes undeveloped film and videotape." 18 U.S.C. § 2256(5) (Law. Co-op.1991). It did not refer to information stored on disc. In 1996, the statutory definition was expanded to include "data stored on computer disk or by electronic means which is capable of conversion into a visual image." 18 U.S.C.S. § 2256(5) (Law. Co-op.1991 & Supp.1997).

■ When interpreting a statute, we "look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 830 (9th Cir.1996). If the statute is unclear, we look next to the legislative history. *Id.* at 830–31.

Hockings argues that his conduct is not within the purview of the statute because the definition of "visual depiction" contained in the former version of section 2256(5), includes undeveloped film and videotape but not computer data. However, both subparts of section 2252 under which Hockings was charged prohibit the transportation *by computer* of visual depictions of minors engaging in sexually explicit conduct. It leads to an absurdity to find that Congress intended to outlaw the transportation of pornographic visual depictions of children by computer, yet conclude that Congress did not intend to include GIF files within the definition of visual depiction.

The former definition of "visual depiction" is not limited to undeveloped film and videotape-it "includes" those items but is not drafted as an exhaustive list of all items that constitute a "visual depiction." *See* 18 U.S.C.S. § 2256(5) (1991). This view is supported by *United States v. Smith*, 795 F.2d 841 (9th Cir.1986). *Smith* construed the pre–1986 version of the child pornography statute that contained no definition of "visual depiction." Smith took photographs of three teenage girls in various stages of nudity and sent the film for developing. After developing the film, the photo company contacted U.S. postal inspectors. Smith was charged with violations of the federal child pornography statutes and convicted on all counts. *Id.* at 844–45.

On appeal, this court rejected Smith's argument that "unprocessed, undeveloped film does not constitute a 'visual depiction' within the meaning of the statute." *Id.* at 846. Accepting that "color film must undergo an elaborate developing process before any image can be perceived by the human eye," *id.*, the court concluded:

> [T]he exclusion of unprocessed film from the statute's coverage would impede the child pornography laws by protecting a necessary intermediate step in the sexual exploitation of children. The interpretation urged by Smith would allow unrestricted interstate commerce in child pornography so long as the pornography was still in the form of undeveloped film. Such a loophole is inconsistent with congressional intent; the undeveloped state of the film does not eliminate the harm to the child victims in the film's production or the incentive to produce created by the film's trafficking. We therefore hold that the undeveloped film constitutes a "visual depiction". . . .

*Id.* at 846–47.

The same rationale applies to GIF files in relation to the pre–1996 version of the statute under which Hockings was charged. GIF files were a means of storage and transportation of visual depictions of child pornography in this case. Although a software program was required to de-compress the GIF file, the contents of the GIF file could be viewed on a computer screen or printed in hard copy if so desired.

■ The statute was amended in 1996 to specifically include computer data such as GIF files. ("[V]isual depiction includes ... data stored on computer disk or by electronic means which is capable of conversion into a visual image"). 18 U.S.C.A. § 2256 (West

Supp.1997). Hockings suggests the amendment lends support to his argument that the pre–1996 statute did not encompass GIF files. However, "Congress may amend a statute simply to clarify existing law, to correct a misinterpretation, or to overrule wrongly decided cases. Thus, an amendment to a statute does not necessarily indicate that the unamended statute means the opposite." *Hawkins v. United States,* 30 F.3d 1077, 1082 (9th Cir.1994). We conclude that computer GIF files are visual depictions within the meaning of the charging statute. The visual image transported in binary form starts and ends pornographically and that is what Congress seeks to prohibit.

### B.

We also reject Hockings' attack on the statute as void for vagueness. The Supreme Court outlined the contours of the vagueness doctrine in *United States v. Lanier,* — U.S. —, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). First, an act cannot be so vague that "men of common intelligence must necessarily guess at its meaning and differ as to its application." *Id.* at —, 117 S.Ct. at 1225, 137 L.Ed.2d at 442. Second, the rule of lenity must be applied to restrict criminal statutes to conduct clearly covered by those statutes. *Id.* Third, a court may interpret the statute to provide the "requisite level" of clarity, but any such interpretation must not be so "novel" as to include conduct that "neither the statute or any prior judicial decision has fairly disclosed to be within its scope." *Id.* at — – —, 117 S.Ct. at 1224–26, 137 L.Ed.2d at 442–43.

Hockings argues that the charging statute is constitutionally vague because it criminalizes "the transportation and possession of items [GIF files] that clearly are not visual depictions, on the grounds that they are visual depictions, goes beyond what a person of common intelligence would infer from reading the statute." We disagree. The statute satisfies the *Lanier* standard.

As noted above, GIF files are merely a means of storage and transportation of visual depictions. The statute proscribes the transportation of visual depictions of minors engaged in sexually explicit conduct by any means, including by computer. 18 U.S.C. § 2252(a)(1),(4)(B). While holding otherwise, even if judicial gloss is required to bring GIF files within the compass of the statute, such an interpretation is not novel in view of the case law discussed above. *See Smith supra; see also United States v. Thomas,* 74 F.3d 701, 707 (6th Cir.1996)(holding that GIF files fall within the obscenity statutes although not specifically proscribed herein because "the manner in which the images move[ ] does not affect their ability to be viewed on a computer screen in [a distant location] or their ability to be printed out in hard copy in that distant location"). Hence, Hockings had fair warning that the transportation of visual depictions by means of computer GIF files was in violation of the statute.

AFFIRMED.