# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2000

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of South Dakota. |
| Gary Scott Whiting, | * | |
| | * | |
| Appellant. | | |

_____

Submitted: October 22, 1998

Filed: January 19, 1999

_____

Before FAGG, ROSS, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Gary Scott Whiting appeals his conviction in district court[1] for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). He asserts that pictures stored on computer disks were not proscribed by the law at the time he possessed them. We affirm.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

## I. BACKGROUND

The pertinent facts are not in dispute. Whiting worked as an assistant fire chief and emergency medical technician for the Piedmont fire department from 1993 until September 1996. Whiting used a computer at work and had access to the Internet from that computer. After Whiting left the fire department, employees discovered some computer disks next to the computer that Whiting had used. These disks contained image files which, when viewed, depicted minors engaging in sexually explicit conduct. These disks were turned over to the Sheriff's department, who then turned them over to the FBI. The FBI also discovered a log kept by Whiting listing the pictures he had, and those he wished to acquire. He was indicted in April 1997, for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He entered a guilty plea conditioned on the challenges discussed below. As a factual basis for the guilty plea, Whiting admitted that in June 1996, he "knowingly possessed three or more computer disks which contained visual depictions of minors engaging in sexually explicit conduct," and that the images had been transported in interstate commerce through the use of a computer.

18 U.S.C. § 2252(a)(4)(B) prohibits the knowing possession of "3 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction" of a minor engaged in explicit sexual conduct that has moved in interstate commerce. At the time of Whiting's admitted conduct, the definition of "visual depiction" read in its entirety, "'visual depiction' includes undeveloped film and video tape." Former 18 U.S.C. § 2256(5) (1996). That definition was amended in September 1996 by the Child Pornography Prevention Act of 1996, to read as follows: "'visual depiction' includes undeveloped film and video tape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image." 18 U.S.C. § 2256(5). This amendment gives rise to Whiting's appeal.

## II. DISCUSSION

Whiting raises two basic challenges to his conviction. First, he claims that the application of the amended definition to conduct that occurred before its enactment violates the ex post facto clause of the Constitution. In the alternative, he argues that the law prior to the amendment was vague and that a conviction under the old statutory definition on these facts violates the Due Process Clause of the Fifth Amendment. The district court addressed and dismissed both of these contentions in an Order Denying Motion to Dismiss.

We review a district court's interpretation of federal statutes de novo. See Cedar Rapids Comm. Sch. Dist. v. Garret F., 106 F.3d 822, 824 (8th Cir. 1997). The starting point in interpreting a statute is always the language of the statute itself.[2] See United States v. Talley, 16 F.3d 972, 975 (8th Cir. 1994). If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end. See Citicasters v. McCaskill, 89 F.3d 1350, 1354-55 (8th Cir. 1996).

Whiting's ex post facto argument hinges on his assertion that, prior to the amendment, the term "visual depiction" did not encompass image data stored on

---

[2]18 U.S.C. § 2252(a)(4)(B) reads:

Any person who: (B) knowingly possesses 3 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if–
    (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
    (ii) such visual depiction is of such conduct;
shall be punished as provided in subsection (b) of this section.

-3-

computer disks, thus he could only be convicted by a retroactive application of the new definition.  We disagree.  Evaluating the statute as a whole, it is clear that images stored on computer disks were prohibited by section 2252(a)(4)(B) prior to the amendment.  The change in the definition of "visual depiction," for purposes of section 2252(a)(4)(B), was a mere clarification and did not change the substance of the law.  The statute stated that "visual depiction" *includes* undeveloped film and video tape.  There is no language of limitation in this definition, as there is in other definitions included in the same section ("minor" *means* any person under the age of eighteen years; "organization" *means . . .*; "producing" *means. . .* ).  See former 18 U.S.C. § 2256.  When a statute uses the word "includes" rather than "means" in defining a term, it does not imply that items not listed fall outside the definition. See Highway & City Freight Drivers Local No. 600 v. Gordon Transports, Inc., 576 F.2d 1285, 1289 (8th Cir. 1978).  "Visual depictions" are not limited solely to undeveloped film and video tapes.  To argue otherwise would be to argue that photographs are not considered "visual depictions" because they are not expressly mentioned, which would be nonsense. There is no indication that images electronically stored in binary form were excluded from the definition.  Indeed, there is ample evidence that they were included.  Section 2252 expressly prohibits the possession of visual depictions that have moved in interstate commerce, or are made using materials that have moved through interstate commerce, by any means *including computer.*   It is clear that Congress considered images stored as data to be "visual depictions" because Congress expressly included a mode of interstate transportation unique to computer data.

As shown by the inclusion of undeveloped film and video tape, the term "visual depictions" includes potential images as well as actual images, that is to say, images that have already been produced, yet require additional processing to render them viewable.  In this regard, an image stored as data which can be read by a computer is directly analogous to an image on video tape.  They are both images stored as magnetic signals that require processing by the use of a machine in order to view them.  The fact that they cannot be viewed as pornographic images until processed through the

appropriate equipment does not place them outside the definition of "visual depiction" for purposes of the statute.  See United States v. Lamb, 945 F. Supp. 441, 452 (N.D.N.Y. 1996).  Similarly, the Seventh Circuit has held that computer images are equivalent to "visual depictions" for purposes of the Sentencing Guidelines.  See United States v. Hall, 142 F.3d 988, 998 (7th Cir. 1998).

To accept Whiting's position would lead to the absurd conclusion that possession and viewing of computer image files depicting minors engaged in explicit sexual activity is completely lawful, and that the statute is violated only when those images are printed on paper or transferred to video tape.  An equally absurd conclusion would be that transportation of child pornography by computer is prohibited, but that transfer of electronic image data by computer is not.  The Ninth Circuit has recently addressed this very issue and, not surprisingly, arrived at the same conclusion.  See United States v. Hockings, 129 F.3d 1069, 1071-72 (9th Cir. 1997) (absurd to find that transportation by computer was outlawed, but that computer image files were not included within the definition of "visual depiction").  We find no merit in Whiting's contention that images stored in files on computer disks are not "visual depictions" for the purposes of the statute prior to its amendment.[3]

The purpose of laws prohibiting child pornography is not to police the morals of the public, but to protect children from the injuries that accompany and flow from, sexual exploitation, particularly the production and distribution of child pornography.  See, e.g., New York v. Ferber, 458 U.S. 747, 756-58 (1982).  By defining "visual depiction" to include undeveloped film and video tape, Congress expressed its intent to proscribe the possession of child pornography in any form, thus deterring the harm

---

[3]Even prior to the amendment, the definition of "visual depiction" in section 2256 was broad enough to include images contained in any storage and retrieval or storage and viewing medium, whether computer-oriented or not.  If the manner in which an image is stored allows it to be processed in such a way as to create a viewable picture, then the stored image may be a "visual depiction" for purposes of section 2256.

accompanying its creation.  See Hockings, 129 F.3d at 1071-72.  "The visual image transported [or stored] in binary form starts and ends pornographically and that is what Congress seeks to prohibit."  Id. at 1072.  Whiting advances no reasons why images stored on computer disks are less harmful, or how their creation has less impact on children, than photographs stored in shoeboxes.  Because we find that images stored on computer disks were encompassed by the original definition of "visual depiction," we find there was no retroactive application of a new law, and that Whiting was not disadvantaged by the amendment.  See United States v. Larson, 110 F.3d 620, 627 n.8 (8th Cir. 1997); United States v. St. John, 92 F.3d 761, 763 (8th Cir. 1996).

In his due process challenge, Whiting asserts that, even if images stored as computer data were covered by the original definition of "visual depiction," the statute was so vague that it did not give him fair notice that his conduct was unlawful, since computer disks were not expressly listed within the definition.  A penal statute is unconstitutionally vague if it does not define the offense well enough to let ordinary people know what is prohibited.  See Kolender v. Lawson, 461 U.S. 352, 357 (1983).  A lack of precision alone does not violate due process, but the Constitution requires that "the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Roth v. United States, 354 U.S. 476, 491 (1957) (citation omitted). Vagueness challenges such as Whiting's, that do not involve First Amendment freedoms, must be examined in light of the facts of the case at hand.  See United States v. Mazurie, 419 U.S. 544, 550 (1975).

In this case, Whiting admits that he sought out images of child pornography.  He downloaded the images from the Internet through interstate commerce using a computer.  He viewed them, stored them on disks, cataloged them, and made a list of others he wished to acquire.  Whiting admits the content of the images was in fact the very subject matter precisely prohibited by the statute–minors engaged in "sexually explicit conduct" as defined in section 2256(2).  And the statute expressly includes visual depictions that have been transported in interstate commerce via computer.

Whiting merely argues that, after receiving these admittedly prohibited images through interstate commerce via computer, the statute was vague as to whether possession of those images on computer disks was prohibited. This argument is without merit. We find the statute clearly provided notice that Whiting's conduct was prohibited. The content of the images was plainly covered by the statute, as was the interstate transportation of the images via computer. And though the definition in section 2256(5) did not expressly include computer image files, it referred, in expansive language, to types of potential images which are the logical and functional equivalent of computer image files. We find that the statute gave more than sufficient notice to ordinary people that the images in question, stored on computer disks, were "visual depictions" for purposes of section 2252(a)(4)(B).

## III.    CONCLUSION

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.