UNITED STATES, Appellee,

v.

Heath E. AUGUSTINE, Senior Airman,
U.S. Air Force, Appellant.

No. 98–5026.
Crim.App. No. 32792.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 9, 1999.

Decided June 9, 2000.

COX, S.J., delivered the opinion of the Court, in which CRAWFORD, C.J., and GIERKE and EFFRON, JJ., concurred. SULLIVAN, J., filed an opinion concurring in part and dissenting in part.

For Appellant: *Major Jeffrey A. Vires* (argued); *Colonel Douglas H. Kohrt, Lieutenant Colonel Jeanne M. Rueth,* and *Lieutenant Colonel James R. Wise* (on brief).

For Appellee: *Major Jennifer R. Rider* (argued); *Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rogers, Captain James C. Fraser,* and *Captain Martin J. Hindel* (on brief).

*Opinion of the Court*

Senior Judge COX delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted by a general court-martial of receiving and possessing depictions of sexually explicit conduct by minors in violation of 18 USC § 2252(a)[1] and of taking indecent liberties with a 6–year–old female, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. A military judge sitting alone sentenced him to a bad-conduct discharge, confinement for 3 years, total forfeitures, and reduction to E–1. The convening authority reduced the period of confinement to 2 years in accordance with a pretrial agreement, but otherwise approved the sentence as adjudged. The Court of Criminal Appeals affirmed in an unpublished opinion.

This Court granted review on the following issue:

---

1. The violation of the federal statute was charged under the Crimes and Offenses Not Capital Clause of Article 134, Uniform Code of Military Justice, 10 USC § 934.

WHETHER APPELLANT'S PLEA TO SPECIFICATION 4 OF THE CHARGE WAS IMPROVIDENT SINCE HIS CONDUCT WAS NOT IN VIOLATION OF 18 USC § 2252(a) AS APPELLANT DID NOT POSSESS THREE OR MORE BOOKS, MAGAZINES, PERIODICALS, FILMS, VIDEO TAPES, OR OTHER MATTER WHICH CONTAIN ILLEGAL IMAGES.

We also specified review of the following issue:

WHETHER APPELLANT WAS GUILTY OF A LESSER–INCLUDED OFFENSE UNDER ARTICLE 134, CLAUSE 1 OR CLAUSE 2, WITH RESPECT TO SPECIFICATION 4 OF THE CHARGE WHERE HE ADMITTED ALL THE ESSENTIAL ELEMENTS TO SUCH LESSER–INCLUDED OFFENSE.

With respect to the specified issue, we note that, during the providence inquiry, appellant admitted that his possession of three visual depictions of sexually explicit conduct by minors was conduct prejudicial to "good order and discipline in the armed forces." He also admitted his conduct "was of a nature to bring discredit upon the armed forces." His admissions were sufficient to establish his guilt of service-discrediting conduct under Article 134. *See United States v. Sapp*, 53 MJ 90 (2000).[2]

Article 59(b), UCMJ, 10 USC § 859(b), provides: "Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense." Consistent with our holding in *Sapp*,[3] also decided this day, we will modify specification 4 to state service-discrediting

conduct under Article 134. Because the scope and fundamental nature of the offense is unaltered by the modification of the specification, a return of this case to the Court of Criminal Appeals for a sentence reassessment is not required. In light of the other offenses of which appellant was convicted, we are satisfied that there was no prejudice as to sentence as a consequence of this minor modification. In light of our action, we need not reach the granted issue.

Specification 4 is amended to read as follows:

In that AIRMAN FIRST CLASS HEATH E. AUGUSTINE, United States Air Force, 2nd Space Warning Squadron, Buckley Air National Guard Base, Colorado, did, at or near Denver, Colorado, on divers occasions between on or about 5 May 1994 and 12 July 1996, wrongfully and knowingly possess three or more visual depictions of minors engaging in sexually explicit conduct.

The decision of the United States Air Force Court of Criminal Appeals as to specification 4 as amended; the remaining specifications and Charges; and the sentence are affirmed.

SULLIVAN, Judge (concurring in part and dissenting in part):

I agree with the majority's affirming of Senior Airman Augustine's conviction for a violation of Article 134 (service-discrediting conduct) by his act of storing and maintaining numerous sexually explicit images of minor children in three separate files on his personal computer. This crime is similar to what Airman First Class Falk did in a case we heard and decided last Term. *United*

---

2. We disagree with the dissent's suggestion that the present case is in the same posture as *United States v. Falk*, 50 MJ 385 (1999). In the present case, we can affirm the findings with respect to a lesser-included offense because we conclude that the military judge conducted an adequate providence inquiry covering the elements of the lesser-included offense. By contrast, in *Falk* the adequacy of the guilty-plea inquiry as to the offense

charged was at issue; a lesser offense was not at issue on appeal.

3. This case differs from *Sapp* because, in that case, the Court of Criminal Appeals, rather than this Court, found the plea provident for the offense of service-discrediting conduct. Essentially, the legal issues are the same. Consequently, our rationale in affirming that conviction applies in this case.

*States v. Falk,* 50 MJ 385 (1999). There I stated:

> Possession of 126 computer images of child pornography, lasciviously organized into four directories on a personal computer, in government housing on a military post, is *per se* service discrediting conduct in my view. Affirmance of his conviction for this conduct under Article 134 is warranted....

*United States v. Falk,* 50 MJ at 394 (Sullivan, J., dissenting).

However, it remains a puzzle to me why Augustine's and Sapp's convictions are affirmed today and yet Falk's conviction was reversed for essentially the same conduct. I don't understand why my position in dissent, with regard to affirming a lesser-included offense under Article 134, in *United States v. Falk, supra,* is now adopted by the majority view of this Court. How can the law be applied so unequally?

Moreover, I strongly disagree with the majority's implied holding that Augustine's guilty plea to a violation of the child pornography law, 18 USC § 2252 should not stand. I do not agree that Augustine's admissions were legally insufficient, and I would affirm Augustine's plea to a violation of the child pornography law, 18 USC § 2252. I adhere to my prior stated view in my dissent in *United States v. Falk, supra,* that the conduct of storing visual depictions of child pornography in three or more computer files on a computer violated 18 USC § 2252.

I further note that recent decisions of other U.S. courts of appeals would easily support a conviction under 18 USC § 2252, in the circumstances of child pornography on multiple computer files on a single computer. *See United States v. Vig,* 167 F.3d 443, 448 (8th Cir.), *cert. denied,* — U.S. —, —, 120 S.Ct. 146, 314, 145 L.Ed.2d 125 (1999); *United States v. Hockings,* 129 F.3d 1069 (9th Cir.1997); *see also United States v. Demerritt,* 196 F.3d 138 (2d Cir.1999); *United States v. Fellows,* 157 F.3d 1197, 1201 (9th Cir.1998), *cert. denied,* — U.S. —, 120 S.Ct. 133, 145 L.Ed.2d 112 (1999); *United States v. Hall,* 142 F.3d 988, 998 (7th Cir. 1998). The decision of the Court of Criminal Appeals followed this case law in affirming appellant's conviction for violating 18 USC § 2252 under Article 134, UCMJ.

As a final point, I want to clear up the confusion that may appear in this area of the law of our Court. *United States v. Falk, supra,* was published on May 28, 1999, but a confusing order was issued on September 30, 1999, modifying in part the majority opinion. I attach the order to this opinion as an appendix. In my view, Section IIB (50 MJ at 390–92) was the only part of the majority opinion that was withdrawn by the September 30th order; therefore, the rest of the majority opinion as well as the two dissents in *Falk* remain in effect.

## APPENDIX

United States, Appellee,

v.

Scott E. Falk (390–84–7252), Appellant.

USCA Dkt. No. 98–0064/AF

Crim.App. No. 32456

### ORDER

The United States, appellee, petitioned this Court for reconsideration, citing various precedents relating to the construction of 18 USC § 2252(a). It also appears that the issue of the proper construction of 18 USC § 2252(a) has been raised in other cases presently pending in this Court and can be considered in the disposition of those cases. *United States v. Augustine,* No. 98–5026, and *United States v. Sapp.*

However, the United States did not cite any new authorities which might warrant reconsideration of this Court's earlier decision that appellant's pleas of guilty were improvident and that the findings and sentence based thereon should be set aside. 50 MJ 385, 390 (1999).

Accordingly, it is, by the Court, this 30TH day of September 1999

ORDERED:

That the Petition for Reconsideration as it relates to the construction of 18 USC § 2252(a) is granted and the opinion of the Court is withdrawn insofar as it relates thereto. Reconsideration of the Court's prior decision setting aside the findings and sentence is denied. The Court reserves the issue concerning the proper construction of 18 USC § 2252(a) for further consideration if raised in some other case, or if raised again in this case after further proceedings in the courts below.

### AND

That the second sentence of the first paragraph of Part IV is amended to read as follows:

The finding of guilty of specification 1 of Charge I and the sentence are set aside.

### AND

That the last sentence of the first paragraph of Part IV is amended to read as follows:

A rehearing on specification 1 of Charge I and the sentence may be ordered.

For the Court,

/s/ Thomas F. Granahan
Clerk of the Court

SULLIVAN, Judge (dissenting):

I would order re-argument of this case. Important decisions from other federal circuit Courts of Appeals were overlooked at our prior oral argument of this case. *United States v. Hall,* 142 F.3d 988, 998 (7th Cir. 1998); *United States v. Vig,* 167 F.3d 443, 448 (8th Cir.1999); *United States v. Michalec,* 1999 U.S.App. Lexis 141 (4th 1999) (*see* 50 MJ 409).

cc: The Judge Advocate General of the Air Force

Appellate Defense Counsel (KOHRT)

Appellate Government Counsel (HINDEL)