**F I L E D**
United States Court of
Tenth Circuit

**DEC 20 2000**

**PATRICK FISH**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RUSSEL RAY WOLFE,

     Defendant-Appellant.

No. 00-5045
(D.C. No. 99-CR-47-BU)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **BRISCOE**, Circuit Judges.

Appellant Russel Ray Wolfe ("Wolfe") entered a guilty plea on one count of

counterfeiting under 18 U.S.C. § 474, and a conditional guilty plea on one count of

possession of child pornography under 18 U.S.C. § 2252. Wolfe's guilty plea on the

pornography charge was conditioned upon his right to appeal the district court's denial of

his motion to suppress evidence seized during a search of his computer's hard drive. The

search was conducted pursuant to a warrant issued by United States Magistrate Judge

Frank McCarthy, but Wolfe contends that the affidavit relied upon by Judge McCarthy to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

establish probable cause for the warrant was insufficient as a matter of law and thus that the warrant was invalid. We AFFIRM the district court's decision to deny Wolfe's motion to suppress.

## BACKGROUND

Wolfe came to the attention of agents of the United States Secret Service after his friend, Randy Ray Scott, was arrested in Garland, Texas for trying to pass counterfeit United States currency. Scott informed the agents that he and Wolfe had engaged in the counterfeiting venture together, and provided the agents with information about counterfeiting equipment and evidence of illegal counterfeiting activity possessed by Wolfe. The agents used Scott's information to obtain a search warrant for Wolfe's residence.[1] Pursuant to the warrant, federal agents seized Wolfe's personal computer and numerous floppy and compact disks as evidence related to the counterfeiting charge. During the course of this search, the agents also saw three items unrelated to the counterfeiting enterprise that nevertheless caused them concern: (1) an 11" x 14" black and white photograph of a nude, prepubescent girl with a "blank" expression on her face; (2) an 8 ½" x 11" pencil drawing of a nude, prepubescent girl holding a child's stuffed animal and engaging in sexual activity with a nude adult male; and (3) several dozen

---

[1] Neither the issuance nor the execution of the first search warrant has been contested by Wolfe.

adult magazines which featured nude photographs of what appeared to be adult women with "immature" features. The agents did not seize these items at the time because they did not believe them to be contraband.

The agents then interviewed Scott again and asked him about Wolfe's possible possession of child pornography. Scott stated that Wolfe had shown him an image of a nude, prepubescent girl on his computer monitor, had offered to show Scott additional similar images, and had told Scott that he used his telephone modem to download such images to his computer.

The agents then submitted an affidavit ("Affidavit") seeking a second search warrant to search the hard drive of Wolfe's personal computer and the seized floppy and compact disks. The Affidavit identified Scott by name, outlined the information received from him, and contained detailed descriptions of the items listed above. It did not explain that Scott had been arrested on counterfeiting charges, but stated both that Scott "has cooperated with [the agents'] investigation" and that "the investigative foundation for the affidavit for the [first] warrant was derived primarily" from information provided by Scott. The Affidavit asked for a warrant to search Wolfe's computer hard drive and the seized disks for evidence of possession of child pornography.[2]

---

[2] The Affidavit also requested permission to search the hard drive of Wolfe's personal computer, as well as the seized floppy and compact disks, for evidence of counterfeiting activity. Specifically, the agents sought computer files that would include templates from which counterfeit United States currency could be produced. Because the government has not argued that the child pornography found on Wolfe's computer would inevitably

- 3 -

The magistrate issued the second search warrant. The agents' search of Wolfe's computer hard drive, floppy disks and compact disks revealed extensive evidence of possession of child pornography. Based upon this evidence, Wolfe was subsequently indicted on one count of possession of child pornography in violation of 18 U.S.C. § 2252.

Wolfe filed a motion in limine seeking to exclude the evidence obtained pursuant to the second search warrant. Wolfe argued that the Affidavit was insufficient to support the second search warrant because the items' descriptions did not provide probable cause to believe that Wolfe possessed contraband and because the Affidavit excluded material information that impacted Scott's credibility. The government argued in response that the Affidavit was sufficient to support probable cause that Wolfe possessed contraband, and that the magistrate was aware that Scott was cooperating with the authorities such that his credibility was "squarely before the judge." The district court denied Wolfe's motion. See United States v. Wolfe, No. 99-CR-47-BU (N.D. Okla. June 16, 1999). Wolfe

---

have been discovered during the agents' search of the computer for evidence of counterfeiting activity, we do not address that question. We note, however, that while this court in United States v. Carey, 172 F.3d 1268 (10th Cir. 1999), held that a warrantless search of closed computer files could not be justified under the plain view doctrine, Carey does not foreclose an argument that agents searching pursuant to a warrant for counterfeit currency templates, some of which could conceivably have computer graphics-type file extensions such as .GIF or .JPG, would inevitably have uncovered computer graphics files of the type at issue in this case during the course of the search.

thereafter entered a conditional plea on the child pornography charge and filed timely notice of appeal with this court.

**DISCUSSION**

The district court had jurisdiction over this case pursuant to 18 U.S.C. §3231. This court has jurisdiction pursuant to 28 U.S.C. §1291.

We have stated that a magistrate judge's decision to issue a warrant is "entitled to 'great deference'" from the reviewing court. See United States v. Le, 173 F.3d 1258, 1265 (10th Cir. 1999) (quoting United States v. Wittgenstein, 163 F.3d 1164, 1172 (10th Cir. 1998)). Accordingly, we need only ask whether, under the totality of the circumstances presented in the affidavit, the magistrate judge had a "'substantial basis'" for determining that probable cause existed. See id.; see also Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983)); United States v. Cusumano, 83 F.3d 1247, 1249-50 (10th Cir. 1996). Probable cause exists where the evidence presented to the magistrate establishes a fair probability that contraband or evidence of a crime would be found in the desired search area. See Le, 173 F.3d at 1267; Wittgenstein, 163 F.3d at 1171.

The statute in question, 18 U.S.C. §2252(a)(4)(B), prohibits the knowing receipt or distribution of "one or more books, magazines, periodicals, films, videotapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or

- 5 -

transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer . . . if–(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct."[3] See 18 U.S.C. §2252(a)(4)(B). The definition of "sexually explicit conduct" is found in 18 U.S.C. §2256, which states that the term includes actual or simulated sexual intercourse,[4] bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. §2256(2)(A)-(E). Black's Law Dictionary defines "lascivious" to mean "[t]ending to excite lust; lewd; indecent; obscene; sexual impurity; tending to deprave the morals in respect to sexual relations; licentious." See Black's Law Dictionary 794 (5th ed. 1979). The term "lascivious" in 18 U.S.C. §2256(2)(E) has been interpreted to include visual depictions in which the child does not present herself in a lustful or sexual manner but where "the photographer arrayed [the photograph] to suit his peculiar lust," because in some cases "it would be almost incredible that a child of these years would register sexual coyness." See

---

[3] "Visual depiction" has been defined to include computer graphic interchange format (GIF) files from which pornographic images can be retrieved. See United States v. Hockings, 129 F.3d 1069 (9th Cir. 1997).

[4] This includes sexual intercourse that is "genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex." 18 U.S.C. §2256(2)(A).

United States v. Wiegand, 812 F.2d 1239, 1244 (9th Cir. 1987) (quotations omitted); see also United States v. Villard, 885 F.2d 117 (3d Cir. 1989).

We believe the evidence presented to the magistrate judge in this case established a fair probability that a search of Wolfe's computer would reveal contraband within the meaning of 18 U.S.C. §§2252, 2256, such that the magistrate had a "substantial basis" to determine that probable cause existed to issue the second search warrant.

The Affidavit described items seen by the agents during the execution of the first warrant that caused them to believe that Wolfe might possess contraband: (1) the black and white photograph of a nude prepubescent girl; (2) the pencil drawing of a nude prepubescent girl holding a child's stuffed animal and engaging in sexual activity with an adult male; and (3) several dozen adult magazines with pictures of seemingly adult women with immature features. As the agents acknowledged in the affidavit for the second search warrant, they did not seize these items at the time of the first warrant because they did not believe the items were necessarily contraband. This was the proper thing for the agents to do under these circumstances because the first warrant allowed them to seize only items related to Wolfe's counterfeiting enterprise and because the sexually explicit items in question were not illegal on their face. See Washington v. Chrisman, 455 U.S. 1, 5-6, 102 S. Ct. 812, 70 L. Ed. 2d 778 (1982) (holding that the plain view doctrine "permits a law enforcement officer to seize what is *clearly incriminating evidence or contraband* when it is discovered in a place where the officer has a right to

be") (emphasis added).  The fact that the items were not immediately seized does not demonstrate that their possession was legal, only that the agents could not immediately determine that their possession by Wolfe was "clearly" illegal based upon what the agents knew at the time of the first search.

The agents were nevertheless concerned about the items in question and continued to investigate whether they were evidence that Wolfe might possess child pornography in violation of federal law.  The agents interviewed Scott, who had provided them credible information to support the first search warrant, and Scott confirmed that he had seen a visual image similar in nature to the questionable items on Wolfe's computer monitor. He further stated that Wolfe had offered to show him additional computer images of the same type, which Wolfe had downloaded onto his computer using a modem and a telephone connection.  Based upon this information, the agents submitted the Affidavit for the second search warrant which requested permission to search Wolfe's computer hard drive, floppy disks and compact disks for evidence of child pornography.  Again, this was the proper thing for the agents to do in these circumstances.  See United States v. Carey, 172 F.3d 1268, 1273 (10th Cir. 1999) (holding that a warrant must be obtained to search closed computer files on a defendant's personal computer); United States v. Blount, 123 F.3d 831, 839 n. 6 (5th Cir.1997) (en banc) (noting that items legally observed in plain view may be referenced in an affidavit to obtain a search warrant).

- 8 -

The magistrate was thus presented with several pieces of information from which he was asked to determine whether, under a totality of circumstances, there was a "fair probability" that evidence of possession of child pornography would be found on the hard drive of Wolfe's personal computer or on the computer disks seized from his home. We believe the magistrate correctly determined that there was such a "fair probability."

First, the 11"x14" photograph depicting a nude, prepubescent girl with a blank expression indicated that, even if the photograph itself was not contraband, Wolfe was apparently interested in possessing pictures of seemingly prepubescent females who were unclothed. The fact that the child in the picture was not described as presenting herself in an overtly sexual manner, but was instead described as having a "blank expression," does not negate the probative value of that evidence. See Weigand, 812 F.2d at 1243-44.

Second, the pencil drawing of a prepubescent girl holding a child's stuffed animal and engaging in sexual activity with an adult male, while again perhaps not contraband on its face because it did not necessarily depict "persons" within the meaning of 18 U.S.C. §3356(2)(E), indicated that Wolfe was interested in seeing visual depictions of apparently underage girls engaging in sexual activity with adult men.

Third, while they are admittedly marginal evidence of Wolfe's interest in underage girls due to the models' apparent legal age, the adult magazines depicting what appeared to be adult women with "immature features" provided some indication that Wolfe was

- 9 -

interested in sexually provocative materials featuring women who were immature at least in appearance, if not in actual age.

All of these items could have been legitimately used by the magistrate to infer that Wolfe likely possessed additional visual images of immature subjects that would be contraband within the meaning of 18 U.S.C. §§2252, 2256. Accord United States v. Wood, 695 F.2d 459, 464 (10th Cir. 1982) ("In judging probable cause, issuing magistrates are not to be confined by niggardly limitations or by restrictions on their use of common sense.") (citing Spinelli v. United States, 393 U.S. 410, 419, 89 S. Ct. 584, 591, 21 L. Ed. 2d 637 (1969)); Gates, 462 U.S. at 231 (noting that the practical, non-technical approach that courts should follow in reviewing the sufficiency of warrant affidavits should allow for common sense inferences about human behavior).

Finally, the statement by Scott that he had seen an image of a nude, prepubescent girl on Wolfe's computer, and that he was told by Wolfe that he had downloaded more such pictures onto his computer, provided the necessary nexus between the suspected criminal activity and the place to be searched. See United States v. Corral-Corral, 899 F.2d 927, 937 (10th Cir. 1990). Although Wolfe challenges whether Scott's credibility was adequately ascertained by the magistrate judge, the fact that Scott was identified by name, that he related evidence obtained through personal observation and interaction with Wolfe, and that he had provided credible information to support the issuance of the first

warrant was more than sufficient to support Scott's veracity and basis of knowledge.[5]

The fact that Scott was not specifically identified as having himself engaged in illegal

activity that might influence his decision to cooperate with the investigation does not

vitiate that conclusion.  Accord United States v. Hager, 969 F.2d 883, 887 (10th Cir.

1992) (noting that the agents' failure to apprise the magistrate of an informant's criminal

history "does not rise to the level . . . which would affect a magistrate's conclusion

regarding the issuance of this warrant"), abrogated on other grounds by Bailey v. United

States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995).

---

[5]  We are aware that we cannot look to the prior affidavit itself to support a finding that the magistrate was aware that Scott had provided credible information in the past because the first affidavit was not attached to the second warrant application.  See Federal Rule of Criminal Procedure 41(c) ("A warrant . . . shall issue only on an affidavit or affidavits sworn to before the federal magistrate judge or state judge and establishing the grounds for issuing the warrant.")  However, the second Affidavit makes clear that Scott had provided information regarding Wolfe to the agents in the past, that his information supported the first warrant affidavit, and that items identified in the first warrant affidavit were in fact located and seized during the execution of the first warrant. We think this information, coupled with the identification of Scott by name and his personal observation of the facts to which he attested, was sufficient to establish his credibility before the magistrate judge.  Accord United States v. Baca, 480 F.2d 199, 203 (10th Cir. 1973) (noting that officers can establish the credibility of their informants from personal knowledge and from prior experiences with the informants); United States v. Danhauer, 229 F.3d 1002, 1006 (10th Cir. 2000) ("When there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant.").

**CONCLUSION**

For these reasons, we hold that the district court correctly concluded that, based on the information presented in the Affidavit for the second warrant, the magistrate correctly found that there was a "fair probability," <u>see</u> <u>United States v. Janus Indus.</u>, 48 F.3d 1548, 1552 (10th Cir. 1995), that contraband within the meaning of 18 U.S.C. §§ 2252, 2256 would be found on Wolfe's computer hard drive, floppy disks or compact disks seized during the execution of the first warrant.

The decision of the district court is therefore AFFIRMED.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge