# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ELLIOTT H. HAYES**
**United States Army, Appellant**

ARMY 20120480

Headquarters, United States Army Alaska
David L. Conn, Military Judge
Colonel Tyler Harder, Staff Judge Advocate

For Appellant:  Captain A. Jason Nef, JA; Captain Susrut A. Carpenter, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA (on brief).

27 November 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of willfully disobeying a superior commissioned officer, two specifications of wrongful use of marijuana, three specifications of assault consummated by battery, simple assault, abuse of a public animal, and communicating a threat in violation of Articles 90, 112a, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 912a, 928, and 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for nine months, and forfeiture of $944 per month for nine months.  The convening authority, pursuant to a pretrial agreement, approved only so much of the sentence as provided for a bad-conduct discharge, confinement for seven months, and forfeiture of $944 per month for nine months.[1]

---

[1] Appellant was credited with 69 days of confinement against his sentence of confinement.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant submitted a merits pleading to this court but personally raised matters pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). We find those matters raised by appellant are without merit. However, one additional issue warrants discussion and relief.

## BACKGROUND

Appellant was charged with willfully disobeying a superior commissioned officer, in violation of Article 90, UCMJ. Specification 1 of Charge I alleged:

> In that Private (E-1) Elliott H. Hayes, U.S. Army, having received a lawful command from COL Edward Thomas, a superior commissioned officer, then known by the accused to be a superior officer, to refrain from driving from 10 December 2011 to 09 March 2012, or words to that effect, did, at or near Joint Base Elmendorf-Richardson, Alaska, on or about, 27 February 2012, willfully disobey the same.

Appellant pleaded guilty to the above specification. During the providence inquiry, the military judge advised appellant of the elements of the offense as follows:

> [O]ne, that you received a certain lawful command from Colonel Edward Thomas to refrain from driving from 10 December 2011 to 9 March 2012; two, that at the time Colonel Thomas was your superior commissioned officer; three, that you knew at the time that Colonel Thomas was your superior commissioned officer; and four, that at or near Joint Base Elmendorf-Richardson, Alaska on or about 27 February 2012, you willfully disobeyed the lawful command.

Additionally, the military judge provided specific definitions and explanations for a number of terms encompassed by the offense, including "willful disobedience," "superior commissioned officer," and "lawful [command]." Specifically, the military judge advised, "A superior commissioned officer means any commissioned officer in the same Armed Forces as you who is superior in rank and not inferior in command to you." After defining a number of other offenses to which appellant pleaded guilty, the military judge returned to the Article 90, UCMJ, offense, asking appellant, "Why are you guilty of willfully disobeying Colonel Thomas? What did you do?" Appellant explained that Colonel Thomas issued an order to appellant to not drive and appellant disobeyed that order when he "went out and drove."

Subsequently, the military judge asked appellant, whether "Colonel Thomas is an Army officer?" Appellant responded, "He's an Air Force Officer, sir." The military judge followed up by asking "Is he in--in your chain of command?" Appellant responded that "He's--he's the garrison commander, and he's in charge of the driving on Post."

Next, the military judge turned to defense counsel and asked, "[are you] satisfied that, even though this is an Air Force officer, under the circumstances as reflected in paragraph 13 Charlie, 1B of Article 89's description [in the Manual for Courts-Martial], that this would amount to a superior commissioned officer?" Defense counsel replied that he was, "given the nature of the Joint Base concept here at Fort Richardson." The military judge then asked the trial counsel if "you're satisfied likewise that even though Colonel Thomas is an Air Force officer, under the circumstances because he's--commands the installation, that he's within the chain of command of . . . Private Hayes?" Trial counsel agreed, offering that "as garrison commander he would be, your honor."

The military judge then confirmed with appellant that he had received this "written" command from Colonel Thomas from "someone in [his] chain of command," and he knew it was from Colonel Thomas because it had his signature on it. After covering a number of other matters concerning the offense—including specific details about appellant's actions that violated the order—counsel each agreed that no "additional inquiry [was] necessary to support the accused's plea for this offense."

## LAW AND DISCUSSION

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996) (citing *United States v. Gallegos*, 41 M.J. 446 (C.A.A.F. 1995)). An appellate court will not set aside a guilty plea unless there is "a 'substantial basis' in law and fact for questioning the guilty plea." *Id.* (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

A military judge can abuse his discretion if he accepts appellant's guilty plea based upon "an erroneous view of the law." *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). A knowing and voluntary plea requires the military judge to explain the elements of an offense to the accused and to elicit the factual basis of the offense. *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003) (citations omitted). Failure to do so constitutes reversible error unless "it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." *Id.*

The Manual for Courts-Martial specifically defines a "superior commissioned officer" when the "accused and victim [are] in different uniformed service[s]" as follows:

> If the accused and the victim are in different uniformed services, the victim is a "superior commissioned officer" of the accused when the victim is a commissioned officer and *superior in the chain of command over the accused . . . . .* The victim is not a "superior commissioned officer" of the accused merely because the victim is superior in grade to the accused.

*Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 13.c(1)(b) (emphasis added).

Here, while the providence inquiry plainly established that Colonel Thomas was the garrison commander at Joint Base Elmendorf-Richardson, it failed to prove that he was in the "chain of command over the accused."[2] To the contrary, the evidence elicited demonstrated that appellant and Colonel Thomas were members of *different uniformed services*, and despite the efforts of appellant and counsel to explain away this discrepancy—suggesting Colonel Thomas was "in charge of driving," or that he somehow assumed a position in appellant's chain of command by virtue of his role as garrison commander of a joint installation—we are not persuaded.[3] Rather, we conclude that the revelation that Colonel Thomas was actually a member of the Air Force created a substantial basis in law and fact to question the providency of appellant's plea, and the military judge abused his discretion by accepting appellant's guilty plea.

Alternatively, appellant's guilty plea to willful disobedience is also suspect based on the manner in which the order was issued to him. As our superior court has explained, disobedience of "a routine administrative sanction for a traffic offense" does not amount to a violation of Article 90, UCMJ, in the absence of evidence establishing that the officer issuing the order "did anything to lift his routine order 'above the common ruck.'" *United States v. Byers*, 40 M.J. 321, 323 (C.M.A. 1994) (quoting *United States v. Loos*, 4 U.S.C.M.A. 478, 480, 16 C.M.R. 52, 54 (1954)); *See also United States v. Ranney*, 67 M.J. 297, 299-300 (C.A.A.F. 2009). Here, appellant explained that the order suspending his driving privileges was signed by

---

[2] The stipulation of fact merely recited the specification directly from the charge sheet. It is of no assistance in disposing of this issue. Additionally, the actual written order that is the subject of this offense does not appear among the exhibits.

[3] We note appellant's unit was 2nd Battalion, 377th Parachute Field Artillery Regiment, 4th Brigade (Airborne), 25th Infantry Division—*not* United States Garrison, Joint Base Elemendorf-Richardson.

4

Colonel Thomas, but that he physically received the written order from some other unidentified member of his unit. The lack of proof establishing that this command was anything but a routine administrative process automatically triggered by appellant's prior misconduct renders Specification 1 of Charge I legally defective.

In spite of the deficiencies in appellant's guilty plea to willful disobedience, the facts elicited and colloquy between he and the military judge are more than enough to sustain a conviction for the lesser included offense of Article 92(2), UCMJ, "failure to obey other lawful order[s]." *See* Article 79, UCMJ; *Byers*, 40 M.J. at 324; *MCM*, pt. IV, ¶ 14.d(3)(a); and *United States v. Augustine,* 53 M.J. 95 (C.A.A.F. 2000). Consequently, we will provide appropriate relief in our decretal paragraph.

## CONCLUSION

The finding of guilty to Specification 1 of Charge I is set aside. However, we affirm a finding of guilty to the lesser included offense of failure to obey an order in violation of Article 92(2), UCMJ. The remaining findings of guilty are AFFIRMED. In reassessing the sentence on the basis of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006)—to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*—we are convinced appellant would have received a sentence on the remaining convictions of no less than that approved by the convening authority. After reassessing the sentence and the entire record, the sentence is affirmed. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored. *See* Article 75(a), UCMJ.

Senior Judge COOK and Judge CAMPANELLA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court