# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.R. MCFARLANE, J.A. FISCHER**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## JAMES P. LYNCH
### FIRE CONTROLMAN FIRST CLASS (E-6), U.S. NAVY

### NMCCA 201300387
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 26 June 2013.
**Military Judge:** CDR Ian Thornhill, JAGC, USN.
**Convening Authority:** Commander, Navy Region Midwest, Great Lakes, IL.
**Staff Judge Advocate's Recommendation:** LCDR K.A. Trunnell, JAGC, USN.
**For Appellant:** LtCol Richard D. Belliss, USMCR.
**For Appellee:** LCDR Keith B. Lofland, JAGC, USN; Maj David Roberts, USMC.

### 19 August 2014

---------------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of two specifications of possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C.

§ 934. The military judge sentenced the appellant to confinement for four years, reduction to pay grade E-1, total forfeiture of all pay and allowances, and bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and, pursuant to a pretrial agreement, suspended all confinement in excess of twenty-four months.

The appellant now alleges three related assignments of error:

   I.   Whether Specification 3 of the Charge (possession of child pornography) fails to state an offense as the specification alleges conduct occurring before the date on which Article 134, UCMJ (Child Pornography) went into effect?

   II.  Did the military judge abuse his discretion in accepting appellant's plea of guilty to Specification 3 of the Charge (possession of child pornography) as there is a substantial basis in both fact and law for questioning the plea?

   III. Did the military judge commit plain error by retroactively applying Article 134, UCMJ (Child Pornography) to Specification 3 of the Charge (possession of child pornography) in violation of the prohibition against *ex post facto* laws?

All of the appellant's assignments of error are premised upon the argument that Clause 2 of Article 134 could not be used to charge a service member with possession of child pornography prior to the enactment of Executive Order 13593, which expressly added child pornography to the list of disorders and neglects that can be prejudicial to good order and discipline or service discrediting. This argument, which bore no indication of having been made pursuant to *United States v. Grostefon*,[1] stands in direct contradiction to a long line of appellate case law, not cited by the appellant. *See e.g. United States v. Barberi*, 71

---

[1] *United States v. Grostefon*, 12 M.J. 431, 437 (C.M.A. 1982) (requiring appellate defense counsel to raise errors specified by the appellant, "no matter how frivolous the issue.")

M.J. 127, 131 (C.A.A.F. 2012); *United States v. Roderick*, 62 M.J. 425, 429 (C.A.A.F. 2006); *United States v. Mason*, 60 M.J. 15, 18-19 (C.A.A.F. 2004); *United States v. O'Connor*, 58 M.J. 450, 454 (C.A.A.F. 2003); *United States v. Augustine*, 53 M.J. 95, 96 (C.A.A.F. 2000).

Finding no merit in the appellant's arguments, and having carefully considered the record of trial and the parties' pleadings, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

3