THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE YOUNG, Defendant-Appellant.

Second District    No. 2—98—1121

Opinion filed March 23, 2000.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Clark D. Smith, of Mt. Vernon, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

Following a bench trial, defendant, George Young, was found guilty of intimidation (720 ILCS 5/12—6(a)(1) (West 1998)) and was sentenced to 10 years' incarceration. Defendant appeals and contends that (1) his conviction must be reversed because the State failed to prove that the offense was committed in Illinois and the trial court therefore was without jurisdiction, or (2) the cause must be remanded for resentencing because the statute that allowed a sentence of 10 years for the offense of intimidation has been declared unconstitutional. We affirm defendant's conviction, vacate his sentence, and remand for resentencing.

At trial, defendant's ex-spouse, Patricia Young, testified that in June 1997, after an incident in which defendant threatened to hit her, she separated from defendant and moved to Ohio with her two children, Katee and Skylar. Defendant is Skylar's father. Patricia subsequently petitioned to have her marriage with defendant dissolved. The dissolution was finalized on October 10, 1997. Patricia testified that on October 31, 1997, defendant began making threatening phone calls to her in Ohio. On November 8, 1997, Patricia was at her residence in Ohio when defendant telephoned her. Patricia tape-recorded the call. The tape recording and a transcript of the tape recording were admitted into evidence. The tape recording and the transcript established that during the telephone call defendant demanded that Patricia either reconcile with him or give him custody of Skylar by a certain date or else defendant would kill Patricia, Skylar, and others.

Based primarily on the tape-recorded telephone call, the trial court found defendant guilty of intimidation. The court sentenced defendant to 10 years' incarceration. Defendant's timely notice of appeal followed.

■ On appeal, defendant first contends that his conviction must be reversed because the State failed to prove that he committed the offense in Illinois and the trial court therefore was without jurisdiction. The Illinois criminal jurisdiction statute provides:

"(a) A person is subject to prosecution in this State for an offense which he commits, while either within or outside the State, *** if:

(1) The offense is committed either wholly or partly within the State[.]

\* \* \*

(b) An offense is committed partly within this State, if either the conduct which is an element of the offense, or the result which is such an element, occurs within the State." 720 ILCS 5/1—5(a)(1), (b) (West 1998).

Here, defendant does not dispute that the trial court would have had jurisdiction if the State proved that he was in Illinois when he made the tape-recorded telephone call to Patricia. Rather, defendant contends that the State failed to prove beyond a reasonable doubt that he was in Illinois when he made the call.

The test applied in an appeal challenging a criminal conviction based upon the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). Jurisdiction in a criminal case is an essential element that must be proved beyond a reasonable doubt along with the other elements of the offense. *People v. Holt*, 91 Ill. 2d 480, 492 (1982). As with other elements, the State may satisfy its burden of proving jurisdiction by either direct or circumstantial evidence. See *People v. Digirolamo*, 179 Ill. 2d 24, 49 (1997) (discussing venue in context of determining county in which offense occurred).

Both defendant and the State agree that these principles apply in determining whether the evidence was sufficient to prove the location of the offense in establishing jurisdiction. However, defendant maintains that there is another principle that adds an additional requirement of proof when circumstantial evidence is used to prove location and that the additional principle is controlling in this case. The additional principle relied on by defendant is that when circumstantial evidence is used to prove location for jurisdiction purposes the State must prove that the only rational conclusion to be drawn from the evidence as a whole is that the offense took place in Illinois.

In this case, the primary evidence tending to show that defendant was in Illinois when he called Patricia on November 8, 1997, is a letter that defendant wrote to Patricia. Defendant wrote the letter while he was in jail awaiting trial on the intimidation charge. In the letter, defendant arguably discusses the events that led to the intimidation charge. Defendant states, "Let me tell you how it began" and refers to the "first week of November." Defendant then states, apparently referring to things he said to Patricia that led to the charge, that he was only playing a mind game with Patricia and thought that she knew that. Defendant then states in the letter:

"I have [never] entertained thoughts of planning to hurt any of you. I have never been out of the state either."

■ In his appellate brief, defendant acknowledges that, based on "plausible assumptions," the letter provides some proof that he made the call while in Illinois. However, defendant argues that the letter does not satisfy the reasonable doubt standard because it does not exclude other explanations as to the meaning of the statement in the letter that he was never out of the state.

Defendant's position is akin to the "reasonable hypothesis of innocence" requirement. Under the "reasonable hypothesis of innocence" requirement, where the evidence was entirely circumstantial courts applied a unique standard that would not allow a finding of guilt unless the proved facts or circumstances excluded every reasonable hypothesis of innocence. However, in *People v. Bryant*, 113 Ill. 2d 497, 510-11 (1986), our supreme court decided that Illinois courts should no longer use the "reasonable hypothesis of innocence" requirement. The court reasoned that the "reasonable hypothesis of innocence" requirement was an attempt to define the reasonable doubt standard and stated that the additional requirement was unnecessary because its effect was obscure and misleading. *Bryant*, 113 Ill. 2d at 511-12. In a subsequent decision, the court stated that "the reasonable doubt test as set forth in *People v. Collins* (1985), 106 Ill. 2d 237, 261, should be applied in reviewing the sufficiency of evidence in all criminal cases, whether the evidence is direct or circumstantial." *People v. Pintos*, 133 Ill. 2d 286, 291 (1989). The court later reiterated that, regardless of the nature of the evidence, the reasonable doubt test set forth in *Collins* should be applied. *People v. Schott*, 145 Ill. 2d 188, 203 (1991).

In these decisions, our supreme court has made it clear that there is a single standard of proof for proving the elements of the offense in a criminal case regardless of whether the evidence is direct or circumstantial. The single standard is the beyond a reasonable doubt standard as stated in *Collins*. It is also clear that, under the beyond a reasonable doubt standard as stated in *Collins*, there is no additional requirement of proof, such as that in the "reasonable hypothesis of innocence" requirement, when the evidence is circumstantial.

In this case, defendant takes the position that there is an additional requirement of proof beyond the reasonable doubt standard as stated in *Collins* when circumstantial evidence is used to prove location. We are aware that a line of Illinois cases has used language similar to that proposed by defendant in the context of determining whether the evidence was sufficient to prove location. See *People v. Blanck*, 263 Ill. App. 3d 224, 230 (1994), citing *People v. Glass*, 239 Ill.

App. 3d 916, 924 (1992), citing *People v. Ramsey*, 147 Ill. App. 3d 1084, 1089 (1986), citing *People v. Toellen*, 66 Ill. App. 3d 967, 971 (1978), citing *People v. Clark*, 9 Ill. 2d 400, 406 (1956) (*overruled on other grounds*), citing *Weinberg v. People*, 208 Ill. 15, 19 (1904). However, none of these cases offers an explanation as to why the additional requirement of proof is necessary. In the absence of any explanation as to why an additional requirement beyond the reasonable doubt standard as stated in *Collins* would be necessary to determine location, and in view of the clear teaching from our supreme court that the single standard of proof in criminal cases is the standard stated in *Collins* without any additional requirements, we are not persuaded by these cases that any additional requirement for proving location should be used even if the evidence is circumstantial.

For these reasons, in this case, we will apply the reasonable doubt standard as stated in *Collins* without any additional requirements of proof. The *Collins* standard, as noted above, is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the offense. *Collins*, 106 Ill. 2d at 261. Under this standard, in order to prove location beyond a reasonable doubt, the law allows the fact finder to make reasonable inferences from established facts. *People v. Hagan*, 145 Ill. 2d 287, 300 (1991). Moreover, a reviewing court may not reverse a conviction based on an alleged failure to prove location unless the evidence, viewed in the light most favorable to the State, was so palpably contrary to the verdict, so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of the defendant's guilt. *People v. Adams*, 161 Ill. 2d 333, 343 (1994).

■ Here, a letter was introduced into evidence that defendant wrote to Patricia after his arrest. The trial judge, as the fact finder in this case, could have reasonably concluded that in the letter defendant was discussing the incidents that led to the intimidation charge that was brought against him. In that context, based on defendant's statement in the letter that he had not been out of the state, the trial court could have reasonably inferred that when defendant made the calls to Patricia in Ohio he had not left the state, *i.e.*, that when he made the calls, including the tape-recorded call, he was in Illinois. This was sufficient to prove the location element of the offense beyond a reasonable doubt and, therefore, that the trial court had jurisdiction. Accordingly, the reversal of defendant's conviction on the ground that the trial court was without jurisdiction is not warranted.

■ Defendant next contends that the cause must be remanded for resentencing because the statute that allowed a sentence of 10 years for the offense of intimidation has been declared unconstitutional. In

Public Act 88—680 (Pub. Act 88—680, eff. January 1, 1995) the legislature amended the intimidation statute to allow for a greater possible maximum sentence. Even though intimidation remained a Class 3 felony, the amended statute provided that an offender could "be sentenced to a term of imprisonment of not less than 2 years and not more than 10 years." 720 ILCS 5/12—6(b) (West 1998). Prior to the amendment by Public Act 88—680, the intimidation statute simply provided that intimidation was a Class 3 felony. 720 ILCS 5/12—6(b) (West 1992). Therefore, prior to the amendment, the sentencing range for intimidation was "not less than 2 years and not more than 5 years." 730 ILCS 5/5—8—1(a)(6) (West 1998).

Our supreme court has decided that Public Act 88—680 was unconstitutional because it violated the single subject rule. *People v. Cervantes*, 189 Ill. 2d 80, 85 (1999). The effect of *Cervantes* was to leave the law in force as it was before Public Act 88—680 was enacted. See *People v. Gersch*, 135 Ill. 2d 384, 390 (1990) (effect of unconstitutional amendment is to leave law in force as it was before adoption of amendment).

In this case, the trial court sentenced defendant to a term of 10 years' imprisonment as allowed by Public Act 88—680. However, because Public Act 88—680 was subsequently declared unconstitutional, the maximum possible sentence for intimidation that defendant could have been subjected to was the maximum possible sentence before the amendment, *i.e.*, five years. See 730 ILCS 5/5—8—1(a)(6) (West 1998). Defendant is therefore entitled to resentencing with a maximum possible sentence of five years' imprisonment.

Based on the foregoing, the judgment of the circuit court of Winnebago County is affirmed in all respects except the sentence that the trial court imposed on defendant. Defendant's sentence is vacated, and the cause is remanded for resentencing in conformance with this disposition.

Conviction affirmed; sentence vacated; cause remanded.

INGLIS and THOMAS, JJ., concur.