THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MIGUEL ALEMAN, Defendant-Appellant.

Second District   No. 2—03—1087

Opinion filed February 16, 2005.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Peter N. Stein, of Highland Park, for the People.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Miguel Aleman, was charged in Du Page County with armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2). He posted bond on that charge but failed to appear for his trial. He was then charged with violating his bail bond (Ill. Rev. Stat. 1991, ch. 38, par. 32—10), and he pleaded guilty to that charge. The Du Page County armed robbery charge was ultimately nol-prossed. The trial court sentenced defendant to six years' imprisonment on the bail bond conviction, to be served consecutively to a six-year sentence that he had received for a Cook County armed robbery charge. The court found that consecutive sentences were mandatory pursuant to section 5—8—4(h) of the Unified Code of Corrections (Corrections Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(h)). Defendant appeals, arguing that (1) consecutive sentences were not mandatory because, pursuant to section 32—10 of the Criminal Code of 1961 (Criminal Code) (Ill. Rev. Stat. 1991, ch. 38, par. 32—10), a sentence for a bail bond violation is mandatorily consecutive only to a sentence for the charge for which the bail had been granted; and (2) the trial court abused its discretion in sentencing him to six years' imprisonment for the bail bond violation. We affirm.

## I. FACTS

In 1991, defendant was charged with a Cook County armed robbery and a Du Page County armed robbery, each a Class X felony. He

posted bond on each charge. A trial on the Du Page County charge was set for April 7, 1992, but defendant did not appear. In 1994, defendant was charged in Du Page County with violating his bail bond, a Class 1 felony. In 1999, after pleading guilty in California to corporal injury to his wife, he was extradited to Du Page County. On September 21, 1999, defendant pleaded guilty to violating his bail bond, but sentencing was delayed. On March 3, 2000, defendant pleaded guilty to the Cook County armed robbery and was sentenced to six years' imprisonment. As noted, the Du Page County armed robbery charge was ultimately nol-prossed.

On April 4, 2000, the Du Page County circuit court conducted a sentencing hearing on the Du Page County bail bond violation conviction. Officer William Stutzman testified about defendant's involvement in the Cook County armed robbery. Officer Stutzman stated that on May 31, 1991, defendant and two other Hispanic men entered a Mexican grocery store in Wheeling, wearing nylon stockings as masks. Defendant approached the cashier, pointed a gun at her, and took money from the store's cash register.

Officer Dean Costopoulos testified about defendant's participation in the Du Page County armed robbery. Relying on a report that a fellow officer had prepared, Officer Costopoulos stated that on April 15, 1991, three armed Hispanic suspects entered a Mexican grocery store and restaurant in Wood Dale and took money from the cash register. One of the suspects was wearing a stocking-cap mask. Officer Costopoulos conducted a follow-up investigation, which entailed speaking with the victims about the suspects' identity. Officer Costopoulos showed a three-person photo lineup to two of the victims, both of whom immediately identified defendant as one of the robbers. This identification was the only evidence directly linking defendant to the Du Page County armed robbery.

Defendant testified in mitigation. He denied any involvement in the Du Page County armed robbery, contending that he was unfamiliar with the Wood Dale area.

The trial court sentenced defendant to six years' imprisonment. In imposing this sentence, the court considered the facts of the Cook County armed robbery, to which defendant pleaded guilty. The court also addressed the facts of the Du Page County armed robbery, noting that the evidence, for sentencing purposes, needed only to be relevant and reliable. In that context, the court emphasized that two of the victims of the Du Page County armed robbery positively identified defendant as one of the robbers. The court found that, in looking at defendant's criminal history, the Du Page County armed robbery "is obviously what is most significant." The court also considered that

defendant has an eighth-grade education, is separated from his wife, has a number of children to support, and does not have a substance abuse problem.

The trial court then determined that defendant's bail bond sentence would run consecutively to the Cook County armed robbery sentence. The court found that, pursuant to section 5—8—4(h) of the Corrections Code, consecutive sentences were mandatory because defendant committed one of those felonies (the bail bond violation) while on pretrial release for the other felony (the Cook County armed robbery). The court rejected defendant's argument that, pursuant to section 32—10 of the Criminal Code, his bail bond sentence would have been mandatorily consecutive only to a sentence for the Du Page County armed robbery.

Following the denial of defendant's motion to reconsider, defendant appealed, contending that his guilty plea to violating his bail bond was invalid because neither his attorney nor the trial court admonished him about the possibility of consecutive sentences. This court remanded the cause for proceedings consistent with Supreme Court Rules 604(d) and 605(b) (188 Ill. 2d Rs. 604(d), 605(b)). *People v. Aleman*, No. 2—00—0799 (2001) (unpublished order under Supreme Court Rule 23).

On remand, defendant moved to withdraw his guilty plea. The trial court granted the motion, but on June 18, 2002, defendant again pleaded guilty to violating his bail bond. At the subsequent sentencing hearing, the parties stipulated that if Officers Stutzman and Costopoulos were called to testify, their testimony would be the same as that presented at the earlier sentencing hearing.

In mitigation, defendant presented a letter from his minister, who indicated that defendant had regularly attended Bible study class and exhibited a potential for rehabilitation. Defendant also testified, providing the trial court with evidence similar to the mitigation evidence presented at the first sentencing hearing.

The trial court again sentenced defendant to six years' imprisonment. In imposing the sentence, the court stated that the primary evidence in aggravation was the facts surrounding the Cook County armed robbery, noting that defendant, while pointing a gun at the cashier, took money from the cash register.

In addressing the facts of the Du Page County armed robbery, the trial court noted that defendant "[denied] any participation in that and [the court was] certainly mindful of that and *** really [placed] very little weight on that testimony." However, the court also observed that defendant was found guilty in California of corporal injury to his wife while he was on bond for the Du Page County armed robbery charge.

Finally, the court reiterated that, pursuant to section 5—8—4(h) of the Corrections Code, it was required to make defendant's bail bond sentence run consecutively to his Cook County armed robbery sentence.

Defendant's attorney moved to reconsider the sentence, arguing that the bail bond sentence should run concurrently with the Cook County armed robbery sentence. The trial court denied the motion, and defendant appealed. This court again remanded the cause for proceedings consistent with Rule 604(d), noting that defendant's trial attorney had failed to file a Rule 604(d) certificate. *People v. Aleman*, No. 2—02—0633 (2003) (unpublished order under Supreme Court Rule 23).

On remand, defendant's attorney filed a new motion to reconsider defendant's sentence, along with a Rule 604(d) certificate. Defendant maintained that his bail bond sentence should run concurrently with his Cook County armed robbery sentence. He also argued that his sentence should be reduced because the Du Page County armed robbery, which was a significant aggravating factor at the first sentencing hearing, was given little if any weight at the second sentencing hearing. In support of his motion, defendant presented various certificates attesting to the academic and social achievements he had made while incarcerated.

The trial court denied the motion to reconsider, reiterating that consecutive sentences were mandatory. The court also found that it was not improper to consider evidence of the Du Page County armed robbery. The court clarified that "[it] gave very little weight to the testimony that the State presented in aggravation." This timely appeal followed.

## II. ANALYSIS

On appeal, defendant raises two issues. First, he contends that the trial court erred in determining that his bail bond sentence was mandatorily consecutive to his Cook County armed robbery sentence. Second, he raises various arguments concerning the propriety of his six-year sentence for the bail bond violation. We will consider each argument in turn.

### A. Consecutive Sentences

We first consider whether the trial court erred when it found that defendant's bail bond sentence had to run consecutively to his Cook County armed robbery sentence. The resolution of this issue involves interpreting sections 5—8—4(h) of the Corrections Code and 32—10 of the Criminal Code.

■ Section 5—8—4(h) of the Corrections Code provides as follows:
"If a person charged with a felony commits a separate felony while on pre-trial release *** the sentences imposed upon convic-

tion of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(h).

Section 32—10 of the Criminal Code states:

"Any sentence imposed for violation of [a bail bond] shall be served consecutive to the sentence imposed for the charge for which bail had been granted and with respect to which the defendant has been convicted." Ill. Rev. Stat. 1991, ch. 38, par. 32—10.

In interpreting a statute, this court must ascertain and give effect to the legislature's intent, which is best determined by the language used in the statute. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996). The words used in the statute should be given their plain and ordinary meaning, and when the language in the statute is unambiguous, this court must apply the statute without resorting to any aids of construction. *Robinson*, 172 Ill. 2d at 457. Because interpreting a statute presents a question of law, our review is *de novo. People v. Donoho*, 204 Ill. 2d 159, 172 (2003).

Defendant concedes that he was convicted of two felonies and that he committed one of them (the bail bond violation) while on pretrial release for the other (the Cook County armed robbery). Thus, defendant acknowledges that section 5—8—4(h) of the Corrections Code, if it controls, requires that his sentences be consecutive. However, defendant contends that because one of his felonies was a bail bond violation, section 32—10 of the Criminal Code more specifically applies, and his bail bond sentence would have been mandatorily consecutive only to a sentence for the Du Page County armed robbery, the charge for which the bail had been granted.

■ It is true that, where two statutes apply, the specific statute controls over the general statute. *Village of Franklin Park v. Dickman*, 165 Ill. App. 3d 1012, 1014 (1988). Here, however, only one statute applies. Section 5—8—4(h) provides that consecutive sentences are mandatory where, as here, a defendant is convicted of two felonies, one of which he committed while on pretrial release for the other. Section 32—10 provides that consecutive sentences are mandatory on another set of facts, *i.e.*, when the defendant is convicted of both a bail bond violation and the charge for which the bail had been granted. In this case, because defendant was not convicted of the Du Page County armed robbery charge for which bail had been granted (it was nol-prossed), defendant's argument that section 32—10 applies to the exclusion of section 5—8—4(h) must fail, as section 32—10 does not apply at all. Section 5—8—4(h) does apply and mandates consecutive sentences.

Defendant's argument is based on a misinterpretation of section 32—10. He reads the statute to mean that any sentence imposed for a

violation of a bail bond shall be served consecutively *only* to a sentence imposed for the charge for which the bail had been granted. We cannot adopt that construction. Indeed, to interpret section 32—10 as defendant suggests, we would have to read into the statute a substantial limitation, which we cannot do. See *People v. Lavallier*, 187 Ill. 2d 464, 468 (1999); *Nordine v. Illinois Power Co.*, 32 Ill. 2d 421, 428 (1965) (noting that "[t]he rule, not only in this State but in most jurisdictions, is that plain and unambiguous provisions of a statute do not need construction and the courts cannot read into a provision exceptions or limitations which depart from its plain meaning").

Defendant responds that our interpretation of section 32—10 renders it redundant and superfluous in light of section 5—8—4(h). Specifically, defendant states that "[a] defendant cannot commit a violation of bail bond unless he is on pre-trial release for another charge. So any situation where a defendant is convicted for the violation of bail bond, as well as for the charge for which bail was set, will necessarily be encompassed within the literal requirements of [section] 5—8—4(h)." We disagree. Section 5—8—4(h) provides that consecutive sentences must be imposed when a defendant commits a *felony* while on pretrial release for a *felony*. In contrast, section 32—10 applies even when the bail bond violation and the underlying charge are misdemeanors.

Specifically, we observe that a defendant may post bail for a misdemeanor. Ill. Rev. Stat. 1991, ch. 38, par. 110—4. If the defendant were to violate his bail bond for that misdemeanor, the bail bond violation would be the next lower class of misdemeanor. See Ill. Rev. Stat. 1991, ch. 38, par. 32—10. Then, if the defendant were to be convicted of both misdemeanors, consecutive sentences would be mandated by section 32—10, but section 5—8—4(h) would not apply. Thus, section 32—10 is neither redundant nor superfluous.

We acknowledge that, in a given case, both statutes could apply. Here, for example, if defendant had been convicted of the Du Page County armed robbery, both statutes would require that he serve his bail bond sentence consecutively to the sentence for the Du Page County armed robbery. Thus, on those particular facts, both statutes would apply and both would mandate consecutive sentences. A defendant in that situation would not benefit from making an argument that section 32—10 was superfluous, because he would receive mandatory consecutive sentences anyway pursuant to section 5—8—4(h).

A final note is warranted on this issue. In asserting that section 32—10 should apply to the exclusion of section 5—8—4(h), defendant asserts that when two apparently competing statutes address the

same subject, we must read them *in pari materia* and adopt an interpretation that gives effect to both provisions. See *Dundee Township v. Department of Revenue*, 325 Ill. App. 3d 218, 223 (2001). However, as the State points out, we may invoke the doctrine of *in pari materia* only to resolve an issue of statutory ambiguity. *People v. 1946 Buick*, 127 Ill. 2d 374, 377 (1989). No such ambiguity is present here. Section 5—8—4(h) clearly applies, and section 32—10 clearly does not. Thus, to the extent that defendant relies on the rule of *in pari materia*, it does not assist him.

In sum, because section 32—10 of the Criminal Code mandates consecutive sentences only when a defendant is convicted of both a bail bond violation and the charge for which the bail had been granted, section 32—10 does not mandate that defendant serve his bail bond sentence consecutively to his Cook County armed robbery sentence. In fact, as noted, section 32—10 does not apply at all since defendant was not convicted of the charge (armed robbery in Du Page County) for which bail had been set. However, because defendant committed the bail bond violation, a felony, while on pretrial release for the Cook County armed robbery, another felony, the trial court properly determined that he must serve his sentences consecutively pursuant to section 5—8—4(h) of the Corrections Code.

## B. Propriety of Sentence

### 1. *Excessiveness of Sentence*

■ Defendant next argues that his six-year sentence for the bail bond violation is excessive. In reviewing the appropriateness of a sentence, we must defer to the trial court, which is uniquely qualified to weigh the pertinent sentencing factors. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). We will not disturb a sentence within the statutory guidelines unless the trial court abused its discretion. *Stacey*, 193 Ill. 2d at 209-10. A sentence is not an abuse of discretion unless it is at great variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. *Stacey*, 193 Ill. 2d at 210.

Here, defendant posted bond for armed robbery, a Class X felony. See Ill. Rev. Stat. 1991, ch. 38, par. 18—2(b). As such, defendant's violation of his bail bond was of the next lower class of felony, Class 1. See Ill. Rev. Stat. 1991, ch. 38, pars. 32—10, 1005—5—1 (delineating classification of offenses). A sentence for a Class 1 felony must be between 4 and 15 years' imprisonment. See Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(4). Defendant's six-year sentence fell within the lower portion of this range.

Defendant argues that his six-year sentence is improper because he was sentenced to that term twice despite the fact that the trial

court found an important aggravating factor lacking at the second sentencing hearing. Specifically, defendant notes that at the first sentencing hearing, the trial court found the Du Page County armed robbery an essential aggravating factor, but, at the second sentencing hearing, the trial court gave little weight to that robbery.

Although the trial court did indicate that it was relying on different aggravating factors at each sentencing hearing, we cannot conclude that a change in the amount of weight afforded various sentencing factors amounted to an abuse of discretion. In contrast to defendant's assertion, the trial court did not first find that the Du Page County armed robbery was significant, to the exclusion of all the other aggravating factors, and then find that it was improper to consider that armed robbery. Rather, at the second sentencing hearing, the trial court merely reweighed and reevaluated all of the sentencing factors.

### 2. Officer Costopoulos's Testimony

■ Defendant claims that the trial court erred when it considered Officer Costopoulos's testimony because it was based on hearsay. We disagree. At the first sentencing hearing, the trial court stressed that two victims of the Du Page County armed robbery identified defendant as one of the robbers. Officer Costopoulos was the officer who took these statements from the victims, and he directly relayed to the trial court the details of the photo lineup, describing the immediacy with which the victims identified defendant. Given that hearsay evidence is not *per se* inadmissible at sentencing and that Officer Costopoulos's testimony was based on his official investigation of the armed robbery, we cannot conclude that the trial court erred when it considered this evidence. *People v. Morgan*, 112 Ill. 2d 111, 143-44 (1986). The cases on which defendant relies are clearly distinguishable because they involve situations where the witness's testimony was based on a third party's investigation. See *People v. Blanck*, 263 Ill. App. 3d 224, 236 (1994) (presentence investigator obtained information about the defendant's prior bad acts from Milwaukee detective, who talked with the defendant's family and acquaintances, and the presentence investigator never personally communicated with these individuals); *People v. Wallace*, 145 Ill. App. 3d 247, 254-55 (1986) (identification of the defendant as the rapist in South Carolina case came from testimony of naval intelligence officer, who contacted fellow officer in South Carolina, and South Carolina officer gave photo lineup to local authorities, who showed photos to the victim).

### 3. Prior Conviction vs. Prior Bad Act

■ Finally, defendant contends that the trial court erred in giving any consideration to the Du Page County armed robbery after the

State nol-prossed that charge. Defendant likens his situation to that of a defendant who has a prior conviction reversed after sentencing in another case. In such circumstances, the defendant is entitled to a new sentencing hearing if the trial court considered the reversed conviction as a factor in aggravation. *People v. Scott*, 318 Ill. App. 3d 46, 57 (2000) (cause must be remanded for new sentencing hearing when trial court considers prior conviction that has been vacated and not prior act itself). That is not the same situation defendant faces. Here, as there never was a conviction, the trial court considered the prior act itself, *i.e.*, the facts surrounding the Du Page County armed robbery. The only thing that changed between defendant's first sentencing hearing and the second is that the State opted not to prosecute defendant for the Du Page County armed robbery, which occurred eight years earlier. The State could have chosen this tactic for any of a number of reasons, some of which would have no bearing on defendant's guilt. Moreover, in contrast to what defendant claims, the trial court specifically noted at the first sentencing hearing that it was considering the evidence of the Du Page County armed robbery because it was relevant and reliable. This was proper, even though defendant was never convicted of that robbery. See *People v. Jackson*, 149 Ill. 2d 540, 551-52 (1992) (trial court may consider at sentencing prior act that did not lead to conviction, because acquittal of charges does not mean that evidence of crime, for sentencing purposes, is untrue). Given all of these facts, we hold that the trial court did not abuse its discretion when it sentenced defendant to six years' imprisonment.

## III. CONCLUSION

In conclusion, we hold that the trial court did not err in determining that section 5—8—4(h) of the Corrections Code mandates that he serve his bail bond sentence consecutively to his Cook County armed robbery sentence. Moreover, we hold that the trial court did not abuse its discretion in imposing a six-year sentence for the bail bond violation.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and BYRNE, JJ., concur.