# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant BARTHOLOMEW D. VIERS**
**United States Army, Appellant**

ARMY 20130847

Headquarters, U.S. Army Maneuver Center of Excellence
Steven E. Castlen, Military Judge (arraignment)
Charles A. Kuhfahl, Jr., Military Judge (trial)
Colonel James F. Garrett, Staff Judge Advocate (pretrial)
Lieutenant Colonel John M. McCabe, Staff Judge Advocate (recommendation)

For Appellant: Captain Patrick J. Scudieri, JA (argued); Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Patrick A. Crocker, JA (on original brief); Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on supplemental brief).

For Appellee: Captain Robyn M. Chatwood, JA (argued); Colonel Mark H. Sydenham, JA; Major A.G. Courie III, JA; Major John K. Choike, JA; Captain Robyn N. Chatwood, JA (on original brief); Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain Robyn N. Chatwood, JA (on supplemental brief).

30 November 2015

---------------------------------
OPINION OF THE COURT
---------------------------------

CAMPANELLA, Judge:

A panel consisting of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his plea, of one specification of communicating a threat in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ].[1] The panel sentenced appellant

---

[1] Appellant was acquitted of one specification of attempted sexual assault, one specification of willful disobedience of an officer, one specification of abusive sexual contact, and one specification of assault consummated by battery in violation of Articles 80, 90, 120, and 128, UCMJ.

to a bad-conduct discharge, 302 days of confinement, total forfeitures, and reduction to the grade of E-1.  The military judge granted 302 days of pretrial confinement credit and 365 days of Article 13 credit.  The convening authority approved the sentence as adjudged and credited appellant with 667 days of confinement credit.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises five assignments of error, one of which warrants discussion and relief.  Our disposition of that issue renders the remaining issues moot.[2]  Specifically, we find the military judge erred by failing to provide panel instructions, sua sponte, on the special defenses of self-defense and defense of property as these defenses relate to communicating a threat, Article 134, UCMJ, after these defenses were reasonably raised by the evidence.

## BACKGROUND

Appellant and his wife, J.V., were engaged in a verbal altercation in the upstairs bedroom and hallway of their home.  As they quarreled, the argument turned physical.  Toilet bowl cleaner and suntan lotion were doused about the upper floor by one or both of them.  A glass vase was also broken during the exchange.  At trial, each spouse accused the other of breaking the vase.  Both parties agree, however, that after these items were tossed about the bedroom, bathroom, and hallway, J.V. went downstairs and returned upstairs, wielding a capped bottle of liquid bleach. Appellant grabbed J.V. by the wrist and hand in which she held the bleach and uttered words to the effect of: "if you don't put down the bleach, I will break your f***ing hands."  J.V. ultimately let go of the bleach and the scuffle came to an end. Appellant then went downstairs and was taken into custody by police who arrived on the scene.  Despite appellant's threat during the struggle, appellant did not actually break or injure J.V.'s hands.[3]

At trial, J.V. agreed with defense counsel that she was threatening appellant with the bleach and that bleach can be a "dangerous" substance.  She also testified she intended to destroy appellant's property with the bleach.  By the same token, appellant testified he was worried for his personal safety and concerned J.V. would get bleach in his eyes or on his person.[4]

---

[2] We do not address the sufficiency of evidence related to the terminal element of the offense as to whether appellant's utterances prejudiced good order and discipline under the circumstances of this case.  UCMJ art. 66(c).

[3] We note with interest that appellant was not charged with assault, Article 128, UCMJ, for grabbing and squeezing J.V.'s hand and wrist – only communicating a threat.

[4] Appellant also testified he was worried for J.V.'s safety, although this statement was never fully expounded upon by appellant during the trial.

As a result of this event, the government charged appellant with communicating a threat as follows:

> CHARGE V: VIOLATION OF ARTICLE 134, UCMJ.
>
> THE SPECIFICATION:  In that [appellant], U.S. Army, did, at or near Fort Benning, Georgia, on or about 3 June 2012, wrongfully communicate to [J.V.] a threat by saying, "I will break your hands", or words to that effect, and that said conduct was to the prejudice of good order and discipline in the armed forces [sic].

At trial, the military judge instructed the members on the elements of communicating a threat, which included the element that the accused's communication must have been wrongful.  He did not, however, define the concept of "wrongfulness" or further explain that threats made for a legitimate purpose are not wrongful.  The defense did not object to the instructions regarding the offense of communicating a threat, nor did they request inclusion of other instructions, such as self-defense or defense of property as it related to that crime.[5]

In closing argument on the merits, the defense argued appellant's threatening language was not "wrongful" because appellant only uttered the words to defend himself and make J.V. let go of the bleach.  In rebuttal, the government argued "self-defense" did not apply to appellant's language because appellant was considerably larger than J.V. and appellant's assertion that the situation required appellant to defend himself was an unreasonable belief.

## LAW AND DISCUSSION

A military judge has a sua sponte duty to instruct on a special defenses reasonably raised by the evidence.  *United States v. Hearn*, 66 M.J. 770, 776 (Army Ct. Crim. App. 2008) (citing *United States v. Davis*, 53 M.J. 202, 205 (C.A.A.F. 2000); *see also* Rule for Courts-Martial [hereinafter R.C.M.] 916).  The military judge must tailor special defense instructions to the facts of the case.  *United States v. Murray*, 43 M.J. 507, 513 (A.F. Ct. Crim. App. 1995) (citing *United States v. Martinez*, 40 M.J. 426, 431 (CMA 1994) (internal citations omitted).  In accordance with R.C.M. 920(f), appellant's failure to properly object to or request a mandatory instruction forfeits the error, absent plain error.  *United States v. Payne*, 73 M.J. 19, 23 (C.A.A.F. 2014); *See United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011); *See also United States v. Davis*, __ M.J. __ (Army Ct. Crim. App. 25 Nov. 2015). "The plain error standard is met when: (1) an error was committed; (2) the error was

---

[5] The military judge did, however, give a self-defense instruction for the Article 128, UCMJ offense, of which appellant was acquitted.

plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights." *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008) (citation and internal quotation marks omitted).

The offense of communicating a threat requires the government to demonstrate beyond a reasonable doubt:

> (1)  that the accused communicated certain language expressing a present determination or intent to wrongfully injure the person, property, or reputation of another person, presently or in the future;
>
> (2)  that the communication was made known to that person or to a third person;
>
> (3)  *that the communication was wrongful*; and
>
> (4)  that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 110.b. (emphasis added).

The government need not refute all conceivable legitimate purposes for communicating a threat in its case-in-chief. *Murray*, 43 M.J. at 512. Once evidence raises an issue of a legitimate purpose, however, the government has the burden to disprove it beyond a reasonable doubt. R.C.M. 916(b).

Whether a threat is wrongful depends on the circumstances in which the words were uttered as well as the intent and purpose behind the statement. *United States v. White*, 62 M.J. 639, 642 (N.M. Ct. Crim. App. 2006). *See* R.C.M. 916(a) and R.C.M. 916(e).[6] If a threat is uttered, for example, in jest or for a legitimate purpose, it is not wrongful as contemplated under Article 134, UCMJ. *United States v. Brown*, 65 M.J. 227, 231 (C.A.A.F. 2007); *United States v. Schmidt*, 16 U.S.C.M.A. 57, 36 C.M.R. 213 (1966) (soldier's threat to expose commander's abusive treatment to newspapers was not wrongful); *see also United States v. Greer*, 43 C.M.R. 801 (A.C.M.R. 1971). In *Murray*, the Air Force court held that a threat to kill someone communicated in lawful self-defense or in defense of another is for a legitimate

---

[6] There are two different theories of defense of property – imminent threat to property and prevention of trespass. *United States v. Davis*, 73 M.J. 268, 271 (C.A.A.F. 2014).

purpose and is not wrongful for purposes of proving the offense of communicating a threat. *Murray*, 43 M.J. at 512.

Here, appellant testified he uttered the threatening words to keep J.V. from attacking him with the liquid bleach. Appellant's words were not spoken in a vacuum. J.V. testified both that she was threatening appellant with the bleach and that her intention was to destroy his property. The matters of self-defense and defense of property were undeniably raised by the evidence. The government's argument that appellant was much larger than J.V. does not vitiate appellant's claims of either self-defense or defense of property – especially in light of J.V.'s admissions as to her intentions with the bleach.[7] The credibility of the assertions by appellant or J.V. are irrelevant regarding whether the matter was at issue because the evidence could have been relied upon by the panel members if they had been fully and properly instructed. *See Davis*, 73 M.J. at 272.

"Legitimate purpose" is not explicitly listed as a defense available to the charge of communicating a threat. Based on the plain reading of R.C.M. 916(e) however, the rule recognizes one's ability to threaten force in excess of the amount of force one could legally use to defend oneself as long as the force is not actually used. R.C.M. 916(e)(2) allows for the defense of self-defense to a charge of aggravated assault by means likely to produce grievous bodily harm in circumstances where an accused (1) reasonably apprehended that bodily harm was about to be inflicted on the accused, and (2) in order to deter the assailant, offered but did not actually apply or attempt to apply such means of force as would be likely to cause grievous bodily harm.[8] Under R.C.M. 916(e), an accused may threaten more force than can actually be used in self-defense for offenses charged under Articles 90, 91, 118, and 128, but not Article 134, communicating a threat.[9] Applying the plain language of R.C.M. 916(e), appellant could avail himself of self-defense under identical facts if the government had chosen to charge appellant with

---

[7] We also note that J.V. went downstairs to retrieve the bleach. As such, appellant did not lose his right to self-defense because he was not the aggressor or engaged in mutual combat at that point in the argument. *See* R.C.M. 916(e)(4).

[8] The facts of this case do not convince us that appellant attempted to apply force in excess of what was deemed necessary for self-defense.

[9] An accused is permitted to create an apprehension in an attacker that if the assault does not stop, the accused would follow through with his offer and use deadly force. *United States v. Richards*, 63 M.J. 622, 627 (Army Ct. Crim. App. 2006); *see also* Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 5-2-5 (1 Jan. 2010). A person may lawfully defend himself by offering, but not actually using, such deadly force if he reasonably believes that an attacker is about to inflict bodily harm.

Article 128, UCMJ, instead of communicating a threat.[10] Such a literal reading would lead to incongruent results.

To the extent that it has not explicitly been stated previously, we hold threats made in self-defense are not "wrongful" within the statutory meaning because the words are spoken for a legitimate purpose. We further hold that threats made in defense of property may not be "wrongful" as they may be spoken for a legitimate purpose. These two defenses constitute "special defenses" to the crime of communicating a threat, thus requiring a judge to sua sponte instruct if the defenses are raised by some evidence, as was the case here. *See Murray*, 43 M.J. at 513.

Applying the plain error standard to the facts of this case, we find the military judge committed error when he failed to instruct on the special defenses reasonably raised by the evidence related to a legitimate purpose. We find the error to be plain, obvious, and substantial as illustrated by the evidence reasonably raising the defenses as well as counsel's arguments implicating the defenses. Lastly, we find the error "had an unfair prejudicial impact" on the panel's deliberation. *See United States v. Fisher*, 21 M.J. 327, 328 (C.M.A. 1986). As a result, we are left to speculate as to whether a panel would have found appellant's threatening declaration to be justified. We are convinced that appellant stated to J.V., "I will break your hands" or words to that effect. Whether that language was wrongful, however, remains in question.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and sentence are set aside. A rehearing may be ordered by the same or different convening authority. All rights, privileges, and property, of which appellant has been deprived by virtue of the findings and sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[10] We note that the MCM actually labels the combination of threatening words with actions (such as grabbing another's wrists) as an assault, not a mere threat.